**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **CLIFFORD HILER,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Case No. CIV-18-773-HE** |
| | ) |
| **JASON BRYANT, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff Clifford Hiler, a state inmate appearing *pro se* and *in forma pauperis*, has filed a lawsuit under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment. (ECF No. 1). Chief United States District Judge Joe Heaton referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). In the Complaint, Plaintiff has moved for a preliminary injunction (ECF No. 1). The Court should **DENY** the motion.

## I.     FACTUAL BACKGROUND

Plaintiff is an inmate in the custody of the Oklahoma Department of Corrections (DOC), incarcerated at James Crabtree Correctional Center (JCCC). In the Complaint, Mr. Hiler has named three Defendants, employees of JCCC: Jason Bryant, Warden; Betsy Hormel, Chief Health Services Administrator; and Kelly Curry, Head Kitchen Supervisor. (ECF No. 1:4-5, 7). According to Mr. Hiler, these Defendants have acted with deliberate indifference to his nutritional needs in violation of the Eighth Amendment by "failing to provide [him] a protein alternative when they serve beans, as [he] is alergic [sic] to beans[.]" (ECF No. 1:7). Attached to the Complaint, Plaintiff has submitted evidence from

what appears to be an official DOC record created when he was incarcerated at North Fork Correctional Center which documents Plaintiff's bean allergy, which causes him to break out in hives. (ECF No. 1-1). Plaintiff has also submitted what appears to be a page from a DOC policy which states: "When the food an offender is allergic to is on the Main line, the offender will be provided a substitute for that food." (ECF. No 1-2). In part, Mr. Hiler has requested the Court issue an "emergency injunction" to be placed "on a no bean diet immediately." (ECF No. 1:8-9).[1] The Court should deny Plaintiff's request.

## II.   DENIAL OF PLAINTIFF'S REQUEST FOR PRELIMINARY INJUNCTION

"A preliminary injunction is 'an extraordinary remedy that may only be awarded upon a clear showing that the movant is entitled to such relief.'" *New Mexico Dep't of Game & Fish v. United States Dep't of the Interior*, 854 F.3d 1236, 1245-46 (10th Cir. 2017) (citation and internal brackets omitted).

To obtain such injunctive relief, Plaintiff must show: (1) he is "substantially likely to succeed on the merits;" (2) he "will suffer irreparable injury if the injunction is denied;" (3) the threatened injury to him "outweighs the injury" to the party opposing the

---

[1]  Plaintiff has also requested the Court to "issue an injunction of having people placed on food allergy diets within 24 hours at JCCC upon arrival." (ECF No. 1:8); *see* ECF No. 1:9 (same). The Court should deny this request, because Plaintiff: (1) has not alleged claims on behalf of anyone other than himself; thus, the requested relief goes beyond the scope of the Complaint and (2) Mr. Hiler does not have standing to bring civil rights claims on behalf of the other inmates at JCCC. *See Foix v. Custer Cty. Sheriff's Office*, No. CIV-13-0340-C, 2013 WL 5901956, at *2 (W.D. Okla. Oct. 31, 2013) (noting that: "To have standing, a state prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury. . . .Thus, Plaintiff cannot bring claims alleging a violation of the constitutional rights of his fellow inmates.") (quoting *Swoboda v. Dubach,* 992 F. 2d 286, 289 (10th Cir. 1993).

preliminary injunction; and (4) "the injunction would not be adverse to the public interest." *Id.* (citation omitted). A preliminary injunction is characterized as "mandatory" if it affirmatively requires the nonmovant to act in a particular manner. *Little v. Jones*, 607 F.3d 1245, 1251 (10th Cir. 2010). Such a request is generally disfavored, and thus Plaintiff must "'make a heightened showing of the four factors.'" *Id.* (citation and internal brackets omitted).

Here, the Court should deny preliminary injunctive relief because Plaintiff has failed to establish that he will suffer irreparable injury if the injunction is denied. Here, Mr. Hiler has alleged that Defendants violated the Eighth Amendment by refusing to provide him a protein alternative to beans, when beans are served, to accommodate his food allergy. *See supra*. Although Plaintiff states that he has "go[ne] hungry" on the days that JCCC serves beans, he has not provided the Court with enough information to establish how he will be irreparably injured if he is not served a "protein alternative." The Tenth Circuit has held that a "substantial deprivation" of food may be sufficiently serious to state a conditions of confinement claim under the Eighth Amendment. *Thompson v. Gibson*, 289 F.3d 1218, 1222 (10th Cir. 2002). But at this stage, the Court does not have sufficient information to determine that this standard has been met. Accordingly, the Court should deny Plaintiff's request for preliminary injunctive relief.

## III.    RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

In light of the foregoing, it is recommended that the Court **DENY** Plaintiff's request for a preliminary injunction. Plaintiff is hereby advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **January 14, 2019**, in

accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV.   STATUS OF THE REFERRAL

This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on December 27, 2018.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE