# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| CLIFFORD HILER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| vs. | ) | NO. CIV-18-0773-HE |
| JASON BRYANT, *et al.*, | ) |  |
| Defendants. | ) |  |

## ORDER

Plaintiff Clifford Hiler, a state prisoner appearing *pro se*, filed this § 1983 action alleging violations of the Eighth Amendment. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to Magistrate Judge Shon T. Erwin for initial proceedings. Judge Erwin has issued a Report and Recommendation (the "Report") recommending that plaintiff's claims for injunctive and declaratory relief be dismissed as moot, plaintiff's official capacity claims for monetary damages be dismissed based on Eleventh Amendment immunity, and summary judgment be granted to defendants based on qualified immunity as to plaintiff's individual capacity claims seeking monetary relief. Plaintiff has filed an objection to the Report which triggers *de novo* review.[1]

After this case was filed, plaintiff was transferred to a different facility. In the Report, Judge Erwin concluded that plaintiff's claims for injunctive and declaratory relief are moot because plaintiff failed to demonstrate that there is a reasonable expectation that he will again be subject to the actions of these defendants, all of whom work at the facility

---

[1] *Plaintiff does not object to the dismissal of his official capacity claims for monetary damages.*

where plaintiff was previously incarcerated.  In his objection, plaintiff asserts there is a good chance that he will be transferred back to his previous facility and there is a reasonable expectation that wherever he may be shipped within the Oklahoma Department of Corrections[2], he will be subjected to the same treatment.  "[T]he capable-of-repetition doctrine applies only in exceptional situations, and generally only where the named plaintiff can make a reasonable showing that he will again be subjected to the alleged illegality."  City of Los Angeles v. Lyons, 461 U.S. 95, 109 (1983).  Plaintiff's conclusory assertion, without more, is not a reasonable showing.

Judge Erwin also properly concluded that the doctrine of qualified immunity bars the monetary claims against defendants in their individual capacities.  As he noted, the case law cited by plaintiff does not serve to clearly establish the law in the particular circumstances involved here.

Accordingly, the Report and Recommendation [Doc. #49] is **ADOPTED**.  Defendants' motion to dismiss/motion for summary judgment [Doc. #38] is **GRANTED**.  Plaintiff's claims for injunctive and declaratory relief are **DISMISSED** as moot; plaintiff's official capacity claims for monetary damages are **DISMISSED** on the grounds of Eleventh Amendment immunity; and summary judgment is **GRANTED** in favor of defendants on plaintiff's individual capacity claims seeking monetary relief.

---

[2] *In his objection, plaintiff states that the Oklahoma Department of Corrections ("ODOC") is a defendant in this case.  ODOC is not a defendant in this case.*

**IT IS SO ORDERED**.

Dated this 12th day of February, 2020.

                                          JOE HEATON
                                          UNITED STATES DISTRICT JUDGE